UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
MARSHALL DIVISION

| | | |
|---|---|---|
| 911EP, Inc., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 2:05cv137-TJW |
| | § | |
| WHELEN ENGINEERING COMPANY, | § | |
| INC., et al., | § | |
| Defendants. | § | |

## 911EP'S MOTIONS *IN LIMINE*

# TABLE OF CONTENTS

I.  INTRODUCTION ...........................................................................................................1

II.  ARGUMENT ................................................................................................................2

Motion in *Limine* No. 1:  Tomar should be precluded from offering
        evidence, testimony, attorney argument, or other comments
        regarding 911EP's manufacturing operations in Asia. ...........................................2

Motion *in Limine* No. 2:  Tomar should be precluded from offering
        evidence, testimony, attorney argument, or other comments
        regarding  the  physical  attributes  or  appearance  of  any
        witness.....................................................................................................................4

Motion  *in Limine*  No. 3:    Tomar  should  be  precluded  from
        soliciting  or  offering  testimony,  evidence,  or  argument
        concerning 911EP's attempts to acquire, or consideration of
        acquiring other companies or competitors..............................................................5

Motion  *in Limine*  No. 4:  Statements before the jury regarding the
        possible issuance of an injunction should be excluded..........................................6

Motion  *in  Limine*  No. 5:    Tomar  should  be  precluded  from
        soliciting  or  offering  testimony,  evidence,  or  argument
        concerning the identity of the recipient(s) (John Pederson,
        Armor  Holdings,  EP  Survivors,  911EP,  etc.)  of  any
        monetary judgment awarded to 911EP in this action. ...........................................7

Motion  *in  Limine*  No. 6:    Tomar  should  be  precluded  from
        soliciting  or  offering  testimony,  evidence,  or  argument
        concerning the filing of, contents of, or rulings on of any
        motions *in limine*....................................................................................................8

Motion  *in  Limine*  No. 7:    Tomar  should  be  precluded  from
        soliciting  or  offering  testimony,  evidence,  or  argument
        concerning the dollar amount of any settlement between
        911EP and any other party, including any past party to this
        litigation. ................................................................................................................9

Motion  *in  Limine*  No. 8:    Tomar  should  be  precluded  from
        soliciting  or  offering  testimony,  evidence,  or  argument  in
        support of its invalidity contentions other than the items
        and theories disclosed in writing to 911EP in its Invalidity
        Contentions. ..........................................................................................................10

Austin 38864

Motion *in Limine* No. 9:   Tomar should be precluded from soliciting or offering testimony, evidence, or argument concerning the performance or quality of 911EP products. ..................................12

Motion *in Limine* No. 10:   Experts should be precluded from offering opinions not previously disclosed in their expert reports. ..................................................................................14

Motion *in Limine* No. 11:   Tomar should be precluded from soliciting or offering expert testimony that does not conform to the Court's *Markman* Order. ...............................................15

Motion *in Limine* No. 12:   Tomar should be precluded from arguing that the presumption of patent validity is "weakened" because the PTO did not have the guidance of *KSR Int'l Co. v. Teleflex, Inc.* or this Court's *Markman* ruling at the time the patents issued. ....................................................16

Motion *in Limine* No. 13:   Tomar should be required to identify now the prior art references it actually plans to rely upon at trial, and should be precluded, pursuant to Fed. R. Civ. P. 16, from offering evidence, expert opinions, and other testimony that pertains to prior art other than those references. ................................................................................17

Motion *in Limine* No. 14:   Tomar should be precluded from soliciting or offering testimony, evidence, or argument pertaining to its brand-new theory of inequitable conduct. ...................................19

Motion *in Limine* No. 15:   Tomar should be precluded from soliciting or offering testimony, evidence, or argument pertaining to any opinion, statements or communications by any Tomar attorney that the patents-in-suit are invalid and/or not infringed. ............................................................................20

Austin 38864

## TABLE OF AUTHORITIES

### FEDERAL CASES

*Demarini Sports, Inc. v. Worth, Inc.*,
   239 F.3d 1314 (Fed. Cir. 2001)..................................................................................15

*Donelly Corp. v. Gentex Corp.*,
   918 F. Supp. 1126 (W.D. Mich. 1996) ..........................................................................3

*Fromson v. Adv. Offset Plate*,
   755 F.2d 1549 (Fed. Cir. 1985)...................................................................................16

*Gearhart v. Uniden Corp. of Am.*,
   781 F.2d 147 (8th Cir. 1986) .........................................................................................3

*Georgia-Pacific Corp. v. U.S. Plywood Corp.*,
   318 F. Supp. 1116 (S.D.N.Y. 1970).............................................................................12

*Hong v. St. Louis*,
   698 F. Supp. 180 (E.D. Mo. 1988).................................................................................3

*In re Carbide Blast Joints, Inc.*,
   9 F.3d 978  1993 WL. 452277 (Fed. Cir. 1993) .............................................................6

*Intel Corp. v. Broadcom Corp.*,
   2003 U.S. Dist. LEXIS 2372  2003 WL. 360256 (D. Del. Feb. 13, 2003)......................15

*Jinro Am. Inc. v. Secure Invs., Inc.*,
   266 F.3d 993 (9th Cir. 2001) .........................................................................................3

*KSR Int'l Co. v. Teleflex, Inc*.................................................................................................16

*Paragon Podiatry Lab., Inc. v. KLM Labs., Inc.*,
   984 F.2d 1182 (Fed. Cir. 1993)....................................................................................19

*Ulead Sys., Inc. v. Lex Computer & Mgmt. Corp.*,
   351 F.3d 1139 (Fed. Cir. 2003)....................................................................................19

*Zippertubing Co. v. Teleflex, Inc.*,
   757 F.2d 1401 (3d Cir. 1985)..........................................................................................3

# FEDERAL STATUTES

35 U.S.C. § 112 .................................................................................................................20

35 U.S.C. § 112(1) ......................................................................................................10, 20

35 U.S.C. § 112(2) ..................................................................................................10, 11, 20

35 U.S.C. § 282 .........................................................................................................10, 16

35 U.S.C. § 284 .................................................................................................................12

Fed. R. Civ. P. 16 .............................................................................................................17

Fed. R. Civ. P. 26(a)(2)(B) ...............................................................................................14

Fed. R. Civ. P. 37(c)(1) .....................................................................................................14

Fed. R. Evid. 401 .......................................................................................2, 3, 4, 5, 7, 8, 9

Fed. R. Evid. 402 ............................................................................................2, 4, 5, 7, 9

Fed. R. Evid. 403 ........................................................................................3, 4, 5, 6, 7, 9,
............................................................................................................13, 14, 16, 19

# I.   INTRODUCTION

Plaintiff 911EP, Inc. ("911EP") hereby moves this Court for an order *in limine* instructing counsel for defendant Tomar Electronics, Inc. ("Tomar") and all witnesses called by or on behalf of Tomar, to refrain from making any mention before the jury or prospective jurors, in any manner whatsoever, of any of the matters described below.

The matters addressed herein are inadmissible for any purpose given this proper and timely objection by 911EP.   Permitting interrogation of witnesses, comments to jurors or prospective jurors, or offers of evidence concerning these matters would unfairly prejudice the jury, and sustaining objections to such questions, comments, or offers would not cure such prejudice, but rather reinforce the prejudicial impact of such matters on the jurors.

A proposed order is attached.

1

## II.  ARGUMENT

**<u>Motion in *Limine* No. 1</u>:  Tomar should be precluded from offering evidence, testimony, attorney argument, or other comments regarding 911EP's manufacturing operations in Asia.**

Given the questions posed by defense counsel at the deposition of 911EP's Rich Shafer, Greg Pederson, and Curt Hofstadter, 911EP anticipates that Tomar may plan to introduce evidence of or otherwise refer to 911EP's manufacturing operations in China and other parts of Asia.  Tomar's only motivation for introducing such evidence would be to suggest that 911EP is "anti-American" because it has shifted much of its manufacturing activities from the United States to Asia, thereby creating juror bias against 911EP and distracting the jurors from the true issues in this case.  This Court should not permit Tomar to engage in such tactics; 911EP's decision to shift a significant portion of its manufacturing activities to Asia has absolutely no relevance to this litigation.

Rule 402 of the Federal Rules of Evidence expressly mandates that "[e]vidence which is not relevant is not admissible." FED. R. EVID. 402.  Evidence is only relevant if it has "any tendency to make the existence of any fact that is of consequence to the determination of the action more probable or less probable than it would be without the evidence." FED. R. EVID. 401.  Here, the fact that 911EP manufactures products in Asia in no way makes it more or less likely that the patents at issue are subject to infringement or invalid.  Accordingly, evidence of 911EP's activities in Asia cannot be admitted at trial and all related references must be excluded as irrelevant.

Even if 911EP's manufacturing activities in Asia were somehow found to be loosely related to this case (which they are not), evidence of and comments on those activities still would be subject to exclusion.  Relevant evidence still "may be excluded if its probative value is

2

substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury." FED. R. EVID. 403.  Here, Tomar's use of evidence or commentary relating to 911EP's decision to shift much of its manufacturing activities to Asia would improperly create juror bias against 911EP.  *See Donelly Corp. v. Gentex Corp*., 918 F. Supp. 1126, 1136 (W.D. Mich. 1996) ("[R]eferences to "un-American products" or to products not "Made in America" and similar types of references (which are unduly prejudicial under Rule 403) will be excluded at trial."); *Hong v. St. Louis*, 698 F. Supp. 180, 182 (E.D. Mo. 1988) (granting new trial because repeated references to plaintiff's involvement in China "prejudicially appealed to the xenophobic tendencies of the jury."); *see also Jinro Am. Inc. v. Secure Invs., Inc*., 266 F.3d 993, 1006-09 (9th Cir. 2001) ("Even if Pelham's testimony might have been admissible as expert testimony, it was so tinged with ethnic bias and stereotyping that it should have been excluded under Rule 403's balancing test.");  *Gearhart v. Uniden Corp. of Am.*, 781 F.2d 147 (8th Cir. 1986) (refusing to permit remarks relating to Far Eastern parent on retrial in part because of xenophobia).  Further, it would improperly divert the jury's attention from the central issues in this case.  *See, e.g. Zippertubing Co. v. Teleflex, Inc*., 757 F.2d 1401, 1415 (3d Cir. 1985) (holding that the trial court properly exercised its discretion under Rule 403 when it excluded evidence that would have required the jury to "engage in speculation about a matter too far afield from the elements of the plaintiffs' case.").   Although references to 911EP's activities in Asia would be objectionable at trial, 911EP's counsel could not cure the confusion and prejudice created by those references after the fact.   Tomar should therefore be precluded from introducing comments, evidence, testimony, or argument that relates, either directly or indirectly, to 911EP's business in Asia in the presence of the jury or prospective jurors.

**<u>Motion <i>in Limine</i> No. 2</u>:  Tomar should be precluded from offering evidence, testimony, attorney argument, or other comments regarding the physical attributes or appearance of any witness.**

Given certain questions posed by defense counsel during depositions in this case, 911EP anticipates that Tomar may introduce evidence of or otherwise refer to the unique physical attributes or outward appearance of a witness.  Tomar's only motivation for introducing such sensitive personal information would be to suggest that the witness in question is peculiar or unnatural, thereby creating juror bias against 911EP and distracting the jurors from the true issues in this case.  This Court should not permit Tomar to engage in such tactics; the physical attributes or outward appearance of any witness has absolutely no relevance to this litigation. Such evidence is irrelevant to the issues in this case and would be unduly prejudicial to 911EP and distracting to the jury. FED. R. EVID. 401, 402, 403.

**Motion *in Limine* No. 3:  Tomar should be precluded from soliciting or offering testimony, evidence, or argument concerning 911EP's attempts to acquire, or consideration of acquiring other companies or competitors.**

This Court should preclude Tomar from making any reference in front of the jury regarding 911EP's attempts to acquire or consideration of acquiring other companies or competitors.   Such evidence is irrelevant to the issues in this case and would be unduly prejudicial to 911EP and distracting to the jury.  FED. R. EVID. 401, 402, 403.

**<u>Motion *in Limine* No. 4</u>:  Statements before the jury regarding the possible issuance of an injunction should be excluded.**

911EP anticipates that Tomar may attempt to mention to the jury that a permanent injunction may issue if the jury finds that Tomar's products infringe 911EP's patents-in-suit. The determination of whether an injunction should issues lies with the discretion of the trial court and occurs only after the jury has reached its verdict on liability.  *See In re Carbide Blast Joints, Inc*., 9 F.3d 978 (Table), 1993 WL 452277 at \*1 (Fed. Cir. 1993).  Comments before the jury relating to the possible injunction are irrelevant to the jury's liability deliberations and inadmissible.  Moreover, even if minimally relevant to an ancillary issue in this case, such information also should be excluded because it would unduly prejudice 911EP and confuse the jury by clouding the liability issues.

Such commentary is also excludable pursuant to Rule 403, which prohibits the presentation of evidence that would unduly prejudice a party, confuse the issues, or mislead the jury.  FED. R. EVID. 403.  Because comments regarding the possible issuance of an injunction are much more prejudicial than probative, in addition to being irrelevant to any issues to be determined by the jury, they should be excluded.

**Motion *in Limine* No. 5:   Tomar should be precluded from soliciting or offering testimony, evidence, or argument concerning the identity of the recipient(s) (John Pederson, Armor Holdings, EP Survivors, 911EP, etc.) of any monetary judgment awarded to 911EP in this action.**

The identity of the recipient(s) (John Pederson, Armor Holdings, EP Survivors, 911EP, etc.) of any monetary judgment awarded to 911EP in this action is not relevant for any purpose and testimony or evidence regarding this issue should not be admitted for any purpose.   FED. R. EVID. 401, 402.   Any presentation of such evidence to the jury would also pose a significant danger of irreversible prejudice, confusion of the issues, and misleading the jury that could not be corrected by an instruction from the Court.  FED. R. EVID. 403.

**Motion *in Limine* No. 6: Tomar should be precluded from soliciting or offering testimony, evidence, or argument concerning the filing of, contents of, or rulings on of any motions *in limine*.**

This Court should preclude Tomar from making any reference in front of the jury to the effect that 911EP filed any motion *in limine*, or to the contents of such motions, or this Court's rulings thereon.  Such information is not only irrelevant to any issues to be tried, but would be unduly prejudicial and as such should be excluded pursuant.  FED. R. EVID. 401, 402, 403.

8

**Motion *in Limine* No. 7:   Tomar should be precluded from soliciting or offering testimony, evidence, or argument concerning the dollar amount of any settlement between 911EP and any other party, including any past party to this litigation.**

The dollar amount of any settlement between 911EP and any other party, including any past party to this litigation is not relevant for any purpose and testimony or evidence regarding such dollar amounts should not be admitted for any purpose.   FED. R. EVID. 401, 402.   Any presentation of such evidence to the jury would also pose a significant danger of irreversible prejudice, confusion of the issues, and misleading the jury that could not be corrected by an instruction from the Court.   FED. R. EVID. 403.

9

**Motion *in Limine* No. 8**:  **Tomar should be precluded from soliciting or offering testimony, evidence, or argument in support of its invalidity contentions other than the items and theories disclosed in writing to 911EP in its Invalidity Contentions.**

Tomar should be precluded from soliciting or offering testimony, evidence, or argument concerning any evidence of invalidity not disclosed to 911EP in writing in its Invalidity Contentions.  Based on Tomar's deposition designations and certain of its listed trial exhibits, 911EP expects that Tomar will attempt to present various references at trial as invalidating prior art, specifically (1) certain Premier Hazard prior art; (2) U.S. Patent No. 5,184,114 (the *Brown* reference); (3) U.S. Patent No. 5,355,119 (the *Pearlman* reference); (4) the 911EP Eagle 100 strobe light bar power supply; and (5) microprocessor programmable strobe and halogen light bars sold by 911EP, Federal Signal, Code 3, or Whelen.  Based on the deposition testimony of Scott Sikora, 911EP also expects that Tomar will argue at trial that the patents-in-suit are invalid based on indefiniteness under 35 U.S.C. § 112(2).  *See* 8/2/2007 Depo. of S. Sikora at 95:25-96:6 (attached at Ex. A).  And, based on Tomar's contributions to the parties' Joint Pre-Trial Order and Tomar's proposed final jury instructions, 911EP believes that Tomar plans to argue to the jury that the patents-in-suit are invalid on grounds that the patent specifications in question fail to satisfy the written description requirement of 35 U.S.C. § 112(1).

This Court's P.R. 3-3 expressly required Tomar to disclose both these references and its § 112 invalidity theories in its Invalidity Contentions.  *See* U.S. District Court for the Eastern Dist. of Texas Local Rules and Appendices, as of February 12, 2007 at App. M, P.R. 3-3(a) (requiring that a party disclose "[t]he identity of each item of prior art that allegedly anticipates each asserted claim or renders it obvious.") and P.R. 3-3(d) (requiring that a party disclose "[a]ny grounds of invalidity based on indefiniteness under 35 U.S.C. § 112(2) or…written description under 35 U.S.C. § 112(1) of any of the asserted claims" in its Invalidity Contentions).  Because

10

Tomar did not identify the above-cited references or its § 112 theories in writing to 911EP in its Invalidity Contentions as required, Tomar's reliance of them now is precluded by P.R. 3-3 and P.R. 3-6 and would cause 911EP to suffer unfair prejudice.  To prevent the harm to 911EP associated with Tomar's disregard of P.R. 3-3(d), this Court should order, *in limine*, that Tomar is precluded from arguing that any of the asserted claims are (a) invalid for indefiniteness under 35 U.S.C. § 112(2); (b) invalid for failure to satisfy the written description requirement of 35 U.S.C. § 112(1); or (c) invalid over any references other than those references that Tomar identified in its final invalidity contentions, this preclusion should include but not limited to, (1) any Premier Hazard prior art; (2) U.S. Patent No. 5,184,114 (the *Brown* reference); (3) U.S. Patent No. 5,355,119 (the *Pearlman* reference); (4) the 911EP Eagle 100 strobe light bar power supply; or (5) microprocessor programmable strobe and halogen light bars sold by 911EP, Federal Signal, Code 3, or Whelen.

11

**Motion *in Limine* No. 9**:  **Tomar should be precluded from soliciting or offering testimony, evidence, or argument concerning the performance or quality of 911EP products.**

Given certain questions posed by defense counsel during depositions of Greg Pederson, Charles Ricci, and Rich Shafer in this case, 911EP anticipates that Tomar may introduce evidence of or otherwise refer to the alleged poor performance or quality of 911EP products. The performance or quality of 911EP's products is in no way relevant, however, to the issues of infringement, validity, or the value of the patents-in-suit.  As such, such evidence is irrelevant to the calculation of a reasonable royalty in this case or to any other issue.

In a patent infringement case, a patentee is entitled to "damages adequate to compensate for the infringement but in no event less than a reasonable royalty for the use made by the infringer."  35 U.S.C. § 284.  In calculating a reasonable royalty, courts look to a number of factors, none of which include the performance or quality of the patent owner's products.  *See Georgia-Pacific Corp. v. U.S. Plywood Corp.*, 318 F. Supp. 1116, 1120 (S.D.N.Y. 1970).  In *Georgia-Pacific*, the court's relevant factors included: royalties received for the patent-in-suit, rates paid by the licensee for use of comparable patents, various factors relating to the market value of the patents-in-suit, and estimation of a royalty rate that the parties would have agreed upon for the patents-in-suit in a hypothetical negotiation.  *Id*.  The *Georgia-Pacific* court did not consider the performance or quality of the patent owner's products, as these issues have no bearing on the value of a patent.

Even if the performance or quality of 911EP's products were somehow found to be loosely related to this case (which they are not), evidence and argument concerning this issue would be subject to exclusion.  Relevant evidence still "may be excluded if its probative value is substantially outweighed by the danger of unfair prejudice, confusion of the issues, or misleading the jury."  FED. R. EVID. 403.  Here, Tomar's only motivation for introducing such evidence

12

would be to suggest that 911EP employs poor quality control practices, thereby creating juror bias against 911EP and distracting the jurors from the true issues in this case.  Any presentation of such evidence to the jury would therefore pose a significant danger of irreversible prejudice, confusion of the issues, and misleading the jury that could not be corrected by an instruction from the Court.  FED. R. EVID. 403.

**Motion *in Limine* No. 10**:   **Experts should be precluded from offering opinions not previously disclosed in their expert reports.**

Rule 26(a)(2)(B) requires that expert witnesses provide a written report that contains "a complete statement of all opinions to be expressed and the basis and reasons therefore…"  FED. R. CIV. P. 26(a)(2)(B).  Accordingly, Tomar should not be permitted to offer the substance of any expert opinions from any expert witness unless the opinion has been previously disclosed.  *See* FED. R. CIV. P. 37(c)(1).   Any such testimony would be irreversibly prejudicial to 911EP, confuse the issues, and mislead the jury, all in a manner that could not be corrected by an instruction from the Court.  FED. R. EVID. 403.

14

**Motion *in Limine* No. 11:  Tomar should be precluded from soliciting or offering expert testimony that does not conform to the Court's *Markman* Order.**

When an expert's testimony regarding the meaning of certain claim terms contradicts the Court's claim construction of those terms, the testimony is irrelevant and, potentially, highly prejudicial.  *See Demarini Sports, Inc. v. Worth, Inc.*, 239 F.3d 1314, 1331 (Fed. Cir. 2001) (rejecting expert testimony of infringement where it conflicted with court's claim construction).  Following a trial in Delaware, a court noted that reliance on expert testimony that conflicted with the court's claim construction had been inappropriate.  *Intel Corp. v. Broadcom Corp.*, 2003 U.S. Dist. LEXIS 2372 at *66 n.9, 2003 WL 360256 at *23 n.9 (D. Del. Feb. 13, 2003) (finding that expert testimony not in conformity with the court's claim construction was "incorrect as a matter of law").  To ensure that its claim construction is respected, the Court should preclude Tomar from offering expert testimony that deviates in any respect from the Court's construction of the claim terms.  This would include, for example, any testimony by Tomar's expert that the claim term "visible exterior surface" means "outside surface in plain view" or that the term "light signal" should be expanded to "conveying information."  *See* Mem. Op. and Order, 3/23/2007 [Dkt. 192] at 7 ("The Court also agrees with plaintiff that 'light signal' should not be expanded to 'conveying information.'") and 19 ("The Court disagrees with the defendants and does not find any support to limit the construction to the 'outside surface.'").

15

**Motion *in Limine* No. 12:  Tomar should be precluded from arguing that the presumption of patent validity is "weakened" because the PTO did not have the guidance of *KSR Int'l Co. v. Teleflex, Inc.* or this Court's *Markman* ruling at the time the patents issued.**

In light of its reply memorandum on its motion for summary judgment and its expert report concerning validity, 911EP anticipates that Tomar plans to argue at trial that the presumption of patent validity is "weakened" in this case because the PTO did not have the guidance of *KSR Int'l Co. v. Teleflex, Inc.* or this Court's *Markman* ruling at the time the patents-in-suit were issued.  *See* Def. Tomar's Reply Mem. in Supp. of its Mot. for Summ. J., dated 7/20/2007 [Dkt. 238] at 7 ("In view of the substantially heightened threshold of what it takes after *KSR* to create a patentable invention, the fact that the Patent Office was operating under a substantially lower threshold to define a patentable invention essentially negates any deference to the expertise of the Patent Office."); Expert Report of S. Sikora (attached as Ex. B hereto) at 8 ("It is important to keep in mind that the examiners of the patents-in-suit did not have the benefit of the Court's claim construction order to help guide their review of patentability.").  This argument is simply wrong.  All issued patents are entitled to the same presumption of validity.  *See* 35 U.S.C. § 282; *Fromson v. Adv. Offset Plate*, 755 F.2d 1549, 1555 (Fed. Cir. 1985) (holding that the presumption of validity is "static," and can neither be strengthened or destroyed).  Any mention of this incorrect legal argument to the jury would pose a significant danger of irreversible prejudice, confusion of the issues, and misleading the jury that could not be corrected by an instruction from the Court.  FED. R. EVID. 403.

16

**Motion *in Limine* No. 13:   Tomar should be required to identify now the prior art references it actually plans to rely upon at trial, and should be precluded, pursuant to Fed. R. Civ. P. 16, from offering evidence, expert opinions, and other testimony that pertains to prior art other than those references.**

During the course of this litigation, 911EP has *three* times reduced the number of patent claim it intends to assert at trial in a good-faith effort to streamline its trial presentation to the jury.  911EP has repeatedly requested that Tomar similarly narrow the number of alleged prior art references that it plans to present at trial as part of its affirmative defense of patent invalidity, but Tomar so far has refused to do so.  *See* 7/26/2007 E-mail from T. Watkins to S. Pollinger (attached as Ex. C) ("Tomar has considered your proposal.  Tomar is not concerned with the number of claims you assert.  Tomar is not interested in limiting its right to rely on prior art.  So the answer is 'NO.'").  This is despite the fact that Tomar surely will not have adequate trial time to present and rely upon each of the *fourteen* alleged prior art references disclosed in Tomar's invalidity expert report.[1]  Indeed, it is unlikely that Tomar will actually rely upon more than four (4) alleged prior art references at trial, and Tomar should be limited to this at trial.  Without this relief, 911EP will be unfairly kept in the dark about exactly which references will be presented at trial as allegedly invalidating prior art.  To prevent a "trial by ambush," and to ensure that this case is of a manageable size, 911EP requests that this Court (1) order Tomar to identify now the alleged prior art references it actually it intends to rely upon at trial; and (2) order, in *limine*, that

---

[1] These fourteen references include the following: (1) U.S. Patent No. 5,694,112, to VannRox; (2) the Whelen Smart Arrow Messenger; (3) the Tomar Model 900 lightbar; (4) the Tomar Model 930 lightbar; (5) the Tomar Model 925 lightbar; (6) U.S. Patent No. 4,620,268 to Ferenc; (7) U.S. Patent No. 5,027,260 to Lyons; (8) U.S. Patent No. 6,183,100 to Suckow; (9) U.S. Patent No. 5,585,783 to Hall; (10) the Tomar Model 930NH lightbar; (11) the Tomar Model 930N lightbar; (12) U.S. Patent No. 5,157,382 to Stopa; (13) U.S. Patent No. 5,457,450 to Deese; and (14) the Tomar Model RECT37-L.  *See* Expert Report of S. Sikora (attached as Ex. C) at 8, 55, 58-62, 68, 71, 73, 77.

Tomar be precluded from arguing that any of the asserted claims are invalid over any references other than those limited set of references.

Austin 38864

**Motion *in Limine* No. 14:  Tomar should be precluded from soliciting or offering testimony, evidence, or argument pertaining to its brand-new theory of inequitable conduct.**

Based on Tomar's portions of the Joint Pre-Trial Order and its proposed final jury instructions, 911EP believes that Tomar plans to argue to the jury that the patents-in-suit are invalid or unenforceable on the basis of inequitable conduct.  Such argument would be inappropriate because "inequitable conduct is a matter for the court, rather than the jury."  *Ulead Sys., Inc. v. Lex Computer & Mgmt. Corp.*, 351 F.3d 1139, 1146 (Fed. Cir. 2003); *see also Paragon Podiatry Lab., Inc. v. KLM Labs., Inc.*, 984 F.2d 1182, 1190 (Fed. Cir. 1993) ("The defense of inequitable conduct in a patent suit, being entirely equitable in nature, is not an issue for a jury to decide.").  Additionally, given that Tomar has not pled or otherwise alleged inequitable conduct during the course of this litigation, permitting Tomar to argue inequitable conduct for the first time now—on the eve of trial—would be unduly prejudicial to 911EP.  FED. R. EVID. 403.  For these reasons, 911EP requests that this Court order, in *limine*, that Tomar is not permitted to solicit or offer testimony, evidence, or argument related to its allegations of inequitable conduct at trial.

**Motion _in Limine_ No. 15:  Tomar should be precluded from soliciting or offering testimony, evidence, or argument pertaining to any opinion, statements or communications by any Tomar attorney that the patents-in-suit are invalid and/or not infringed.**

Pursuant to this Court's P-R 3.7, any party opposing a claim of patent infringement that will rely on an opinion of counsel as part of a defense to a claim of willful infringement shall (a) produce the opinion and any other documents relating to the opinion as to which party agrees the attorney-client privileged has been waived, and (b) serve a privilege log identifying any other documents relating to the subject matter of the opinion which the party is withholding on privilege grounds.  _See_ U.S. District Court for the Eastern Dist. of Texas Local Rules and Appendices, as of February 12, 2007 at App. M, PR. 3.7.

In this case, Tomar did not produce such an opinion of counsel.  Indeed, at his deposition, Tomar's Scott Sikora testified that Tomar did not obtain an opinion of counsel regarding validity or non-infringement.  _See_ S. Sikora Depo., 9/8/2006 (attached as Ex. D) at 83:8 to 84:11.  Rather, Mr. Sikora testified that Tomar based its decision to continue selling its accused products after becoming aware of the patents-in-suit solely on Mr. Sikora's own opinion that the patents were invalid and/or not infringed.  _Id_.  Tomar also failed to produce a privilege log at any time during this litigation.  _See_ Email from T. Watkins to L. Gallun, 5/4/2007 (attached as Ex. E).

To ensure compliance with P.R. 3-7 and prevent unfair prejudice to 911EP, 911EP requests that this Court order that, although 911EP is permitted to establish (_e.g._, by way of cross-examination) that Tomar failed to obtain an opinion of counsel or any other attorney confirmation regarding invalidity or non-infringement at trial, Tomar is precluded from introducing evidence at trial suggesting that Mr. Sikora discussed or confirmed his own non-infringement and/or invalidity opinions with any attorney including Tomar's trial counsel.

20

DATED:  August 22, 2007.

Respectfully submitted,

**MᴄKᴏᴏʟ Sᴍɪᴛʜ, P.C.**

   /s/ Sam Baxter
Sam Baxter
Lead Attorney
Texas State Bar No. 01938000
sbaxter@mckoolsmith.com
505 E. Travis, Suite 105
P.O. Box O
Marshall, Texas 75670
Telephone: (903) 927-2111
Telecopier: (903) 927-2622

Steven J. Pollinger
State Bar No. 24011919
spollinger@mckoolsmith.com
Laurie L. Gallun
State Bar No. 24032339
lgallun@mckoolsmith.com
300 W. 6th Street, Suite 1700
Austin, Texas  78701
Telephone:  (512) 592-8700
Telecopier:  (512) 692-8744

David Sochia
State Bar No. 00797470
dsochia@mckoolsmith.com
Anthony M. Garza
State Bar No. 24050644
agarza@mckoolsmith.com
300 Crescent Court, Suite 1500
Dallas, Texas 75201
Telephone:  (214) 978-4000
Telecopier:  (214) 978-4044

**ATTORNEYS FOR 911EP, INC.**

21

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that a true and correct copy of the foregoing document has been served upon all counsel of record in accordance with the Federal Rules of Civil Procedure on August 22, 2007.

Thomas Watkins, III
5330 E. Palomino Road
Phoenix, AZ 85018
tgwatkins@cox.net
**Counsel for Defendant Tomar Electronics, Inc.**


_/s/ Sam Baxter_____
Sam Baxter

22

Austin 38864